The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERI HANSEN,<br><br>        Plaintiff,<br><br>     v.<br><br>RUI ONE CORP., a foreign corporation;<br>and RESTAURANTS UNLIMITED,<br>INC., a Washington corporation;,<br><br>        Defendant. | No. 07-1971<br><br>**ANSWER AND AFFIRMATIVE<br>DEFENSES** |

COMES NOW Defendants RUI One Corp. and Restaurants Unlimited, Inc.

(collectively "Defendants"), by and through the undersigned counsel of record, and

answers Plaintiff's Complaint as follows.  Each allegation not specifically admitted

shall be deemed denied.

I.    NATURE OF ACTION

    1.1    The allegations in paragraph 1.1 consist of legal conclusions to

which no response is required.

II.    JURISDICTION AND VENUE

    2.1    Admitted.

    2.2    Admitted.

Riddell Williams p.s.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    2.3    Defendants admit that the Court has personal jurisdiction over

2  Defendants and over the subject matter of this lawsuit. Defendants admit that

3  Defendants' corporate offices are located in the Western District of Washington

4  and that venue is proper with regard to Defendants. Defendants admit that

5  Plaintiff was employed by RUI ONE Corp. in the Western District of Washington.

6  Defendants deny that Plaintiff was employed by Restaurants Unlimited, Inc. The

7  remainder of the allegations in paragraph 2.3 are denied for lack of information or

8  knowledge.

9                          III.    PARTIES

10    3.1    Defendants admit on information and belief that Plaintiff resides

11  within the Western District of Washington. Defendants admit that Plaintiff was

12  employed by RUI ONE Corp. from March 18, 2004 through on or about October

13  17, 2005. Defendants deny the remainder of the allegations in paragraph 3.1.

14    3.2    Admitted.

15    3.3    Defendants admit that Restaurants Unlimited, Inc. is a Washington

16  Corporation. Restaurants Unlimited, Inc. is a holding company, which is the

17  parent corporation of RUI ONE Corp. Defendants admit that the principal place of

18  business for Restaurants Unlimited, Inc. is Seattle, Washington. Defendants deny

19  the remainder of the allegations in paragraph 3.3.

20    3.4    Defendants admit that Mike Bryan was the Executive Chef of

21  Palisade Restaurant from January 15, 2002 until March 25, 2005. Defendants

22  admit that the position of Executive Chef is the highest supervisory position in the

23  kitchen of each of RUI ONE Corp.'s restaurants. Defendants deny that the

24  Executive Chef reports directly to the Corporate Office. Defendants admit that

25  during the period from late October 2004 through March 25, 2005, Mr. Bryan was

26  the highest level employee in food production at Palisade. Defendants admit that

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 2

4826-5922-2530.02

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    when Plaintiff worked in food production at Palisade, Mr. Bryan was her

2    supervisor. Defendants deny the remainder of the allegations in paragraph 3.4.

3        3.5    Defendants admit that Kraig Hansen transferred from the position of

4    Executive Chef at Cutters Bayhouse to the position of Executive Chef at Palisade

5    in approximately April, 2005. When Plaintiff was assigned to work in the kitchen

6    at Cutters prior to this transfer, Mr. Hansen was her supervisor. Defendants admit

7    that Kraig Hansen was employed by RUI ONE Corp. Defendants deny the

8    remainder of the allegations in paragraph 3.5.

9        3.6    The allegations in paragraph 3.6 contain a naming convention within

10   the Complaint which does not require a response.

11                    IV.    FACTUAL ALLEGATIONS

12       4.1    Defendants deny the allegations in paragraph 4.1 for lack of

13   information or knowledge.

14       4.2    Admitted, except that Defendants did not promise that the Scarf

15   Classification Program necessarily would be used as a method of on the job

16   training and advancement in the corporation.

17       4.3    Denied.

18       4.4    Defendants admit the allegations contained in the first sentence of

19   paragraph 4.4. Defendants admit that the "Executive Chef" is in charge of the

20   kitchen, also known as the "back of the house," and influences advancement

21   decisions regarding kitchen scarf classification. Defendants deny the remainder

22   of the allegations in paragraph 4.4.

23       4.5    Defendants admit RUI ONE Corp. hired Ms. Hansen as a "pantry

24   chef" at Cutters Bayhouse on or about March 18, 2004. Defendants admit that

25   Ms. Hansen was assigned a yellow scarf when her employment began.

26   Defendants deny the remainder of the allegations in paragraph 4.5.

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 3

4826-5922-2530.02

1    4.6    Defendants admit that RUI ONE Corp. trained Plaintiff in the duties

2  of a pantry cook. Defendants admit that in August, 2004, Plaintiff was promoted

3  to the position of broiler cook and received a corresponding increase in her hourly

4  wage. Defendants deny that Plaintiff was consistently directed to work overtime

5  and off-the-clock scarf time. Defendants deny the remainder of the allegations in

6  paragraph 4.6 for lack of information or knowledge.

7    4.7    Defendants deny the allegations contained in the first sentence of

8  paragraph 4.7 for lack of information or knowledge. Defendants deny the

9  allegations contained in the second sentence of paragraph 4.7 for lack of

10  information or knowledge, except that Defendants deny that Plaintiff was ever

11  trained to be a "sushi chef." Defendants admit that on occasion Plaintiff would

12  stand in as a line lead. Defendants deny the remainder of the allegations in

13  paragraph 4.7.

14    4.8    Defendants deny the allegations in paragraph 4.8 for lack of

15  information or knowledge.

16    4.9    Denied for lack of information or knowledge, except that defendants

17  admit that in approximately May, 2004 Plaintiff received her blue scarf.

18    4.10    Denied for lack of information or knowledge.

19    4.11    Denied.

20    4.12    Defendants admit that on November 27, 2004 Plaintiff transferred to

21  Palisade to work on the banquet line. Defendants admit that Plaintiff also

22  received an increase in her pay at this time. Defendants deny the allegations

23  contained in the last sentence of paragraph 4.12 for lack of information or

24  knowledge. Defendants deny the remainder of the allegations in paragraph 4.12.

25    4.13    Denied for lack of information or knowledge.

26    4.14    Denied for lack of information or knowledge.

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 4

4826-5922-2530.02

1    4.15   Defendants admit that while working at Palisade, Plaintiff filled in on

2    various shifts at Cutters Bayhouse.  Defendants deny that Plaintiff continued to

3    work off-the-clock hours within the Defendants' scarf classification program, at

4    either Palisade or Cutters Bayhouse.  Defendants admit that on at least one

5    occasion, Attila Szabo, RUI ONE Corp.'s Chief Operating Officer, commented

6    positively on Plaintiff's performance.  Defendants deny the remainder of the

7    allegations in paragraph 4.15 for lack of information or knowledge.

8    4.16   Denied for lack of information or knowledge.

9    4.17   Denied for lack of information or knowledge.

10   4.18   Denied for lack of information or knowledge.

11   4.19   Defendants admit that Plaintiff was scheduled to work from 1 p.m. to

12   9 p.m. in the banquet department at Palisade on March 23, 2005.  Defendants

13   admit that Palisade was hosting a wine tasting dinner on the evening of March 23,

14   2005.  Defendants deny the remainder of the allegations in paragraph 4.19 for

15   lack of information or knowledge.

16   4.20   Defendants deny the allegations in paragraph 4.20 for lack of

17   information or knowledge.

18   4.21   Defendants deny that management had notice of Mike Bryan's

19   conduct before the physical altercation between Plaintiff and Mr. Bryan or that

20   anyone from management was present during the altercation.  Defendants deny

21   the remainder of the allegations in paragraph 4.21 for lack of information or

22   knowledge.

23   4.22   Defendants admit that RUI ONE Corp. management received

24   reports that Mr. Bryan inappropriately touched Ms. Hansen, including putting her

25   in a headlock.  Defendants admit that RUI ONE Corp. management also received

26   reports that Mike Bryan used profanity and abusive language.  Defendants deny

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 5

4826-5922-2530.02

1  the specific allegations in paragraph 4.22 regarding language used by Mike Bryan

2  or Plaintiff on March 23, 2004 for lack of information or knowledge.

3      4.23   Defendants admit that RUI ONE Corp. management received

4  reports that Mike Bryan used abusive language towards Plaintiff on March 23,

5  2005. Defendants deny the allegations of specific language used by Mike Brian

6  contained in paragraph 4.23 due to lack of information or knowledge.

7      4.24   Defendants admit that RUI ONE Corp. management received

8  reports that another member of the Palisade staff entered the kitchen and as a

9  result Mr. Bryan let go of Plaintiff. Defendants admit that RUI ONE Corp.

10 management received reports that an altercation occurred between this other

11 kitchen staff member and Mr. Bryan. Defendants deny the remainder of the

12 allegations in paragraph 4.24 for lack of information or knowledge.

13     4.25   Defendants admit that Plaintiff reported the incident with Mr. Bryan

14 to Kraig Hansen and to Shari Spurgeon, the General Manager of Palisade

15 Restaurant. Defendants deny the remainder of the allegations in paragraph 4.25

16 for lack of information or knowledge.

17     4.26   Defendants admit that it has no information indicating that any

18 employee of RUI ONE Corp. telephoned the police regarding the incident between

19 Mr. Bryan and Plaintiff. Defendants deny the remainder of the allegations in

20 paragraph 4.26.

21     4.27   Defendants deny that Plaintiff lost wages due to the altercation with

22 Mike Bryan. Defendants deny that Plaintiff was out of work due to the altercation

23 with Mike Bryan. Defendants deny the remainder of the allegations in paragraph

24 4.27 for lack of information or knowledge.

25     4.28   Defendants admit that on March 24, 2005, Plaintiff met with Shari

26 Spurgeon regarding the incident involving Mike Bryan. Defendants admit that Ms.

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 6

4826-5922-2530.02

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3800

1   Spurgeon may have described Mike Bryan's behavior as "bizarre" or used words

2   to that effect.  Defendants deny the remainder of the allegations in paragraph 4.28

3   for lack of information or knowledge.

4        4.29   Defendants admit that Ms. Spurgeon told Plaintiff that RUI ONE

5   Corp. would be investigating the incident with Mr. Bryan.  Defendants admit that

6   Ms. Spurgeon may have described Mike Bryan's behavior as "bizarre" or used

7   words to that effect.  Defendants deny the remainder of the allegations in

8   paragraph 4.29.

9        4.30   Defendants deny the allegations contained in the first and last

10  sentences of paragraph 4.30 for lack of information or knowledge.  Defendants

11  deny the remainder of the allegations in paragraph 4.30.

12       4.31   Defendants admit that Plaintiff made a report to the Seattle Police

13  regarding the altercation with Mike Bryan.  Defendants deny the remaining

14  allegations in paragraph 4.31 for lack of information or knowledge.

15       4.32   Denied for lack of information or knowledge.

16       4.33   Defendants admit that after the March 23, 2005 incident with Mike

17  Bryan, Plaintiff's hours increased at Cutters Bayhouse.  Defendants deny the

18  remainder of the allegations in paragraph 4.33.

19       4.34   Denied for lack of information or knowledge.

20       4.35   Defendants admit that in April, 2005 Chef Kraig Hansen was

21  transferred to Palisade.  Defendants admit that James Robinson was a sous chef

22  at Cutters Bayhouse during this time period.  Defendants deny the remainder of

23  the allegations in Paragraph 4.35 for lack of information or knowledge.

24       4.36   Defendants admit that Plaintiff complained to Jennifer Perkins,

25  General Manager of Cutters Bayhouse, regarding comments allegedly made by

26  James Robinson.  Defendants deny that the reason Plaintiff was not promoted to

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 7

4826-5922-2530.02

1   the position of line lead was pretextual.  Defendants deny the allegations

2   contained in the second sentence of paragraph 4.36 for lack of information or

3   knowledge.

4        4.37    Defendants admit that Jennifer Perkins, General Manager at Cutters

5   Bayhouse, met with Plaintiff to discuss the outcome of her investigation into

6   Plaintiff's complaint regarding James Robinson.  Defendants admit that Ms.

7   Perkins gave Plaintiff a copy of the memorandum in which Ms. Perkins

8   summarized the conclusions of her investigation.  Ms. Perkins cannot recall

9   whether other members of management met with her and Plaintiff to discuss the

10  outcome of her investigation or whether anyone read the summary memorandum

11  out loud.  Jennifer Perkins' memorandum to Plaintiff speaks for itself.  Defendants

12  deny the remainder of the allegations in paragraph 4.37.

13       4.38    Jennifer Perkins' memorandum to Plaintiff speaks for itself.  The

14  remainder of the allegations in paragraph 4.38 are denied.

15       4.39    Defendants deny the allegations in paragraph 4.39 for lack of

16  information or knowledge.

17       4.40    Defendants deny the first sentence of paragraph 4.40 for lack of

18  information or knowledge.  Defendants deny the remainder of the allegations in

19  paragraph 4.40.

20       4.41    Denied for lack of information or knowledge.

21       4.42    Defendants admit that Plaintiff requested and received a transfer to

22  the front of the restaurant as a cocktail waitress.  Defendants deny the remainder

23  of the allegations in paragraph 4.2 for lack of information or knowledge.

24       4.43    Denied for lack of information or knowledge.

25       4.44    Denied.

26

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 8

4826-5922-2530.02

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1      4:45   Defendants deny the allegations in paragraph 4.45 for lack of

2  information or knowledge.

3      4.46   Denied for lack of information or knowledge.

4      4.47   Denied.

5      4.48   Admitted.

6      4.49   Denied.

7                **V.**     **CLAIM ALLEGATIONS**

8      5.1   Denied.

9      5.2   Denied.

10      5.3   Denied.

11      5.4   Denied.

12      5.5   Denied.

13      5.6   Denied.

14      5.7   Denied.

15      5.8   Denied.

16      5.9   Denied.

17      5.10   Denied.

18      5.11   Denied.

19                **VI.**     **REQUEST FOR RELIEF**

20      Paragraphs 6.1 through 6.8 contain no factual allegations that require a

21  response; however, Defendants deny that Plaintiff is entitled to the relief

22  requested in the Complaint, or to any other relief.

23                **VI.**     **AFFIRMATIVE DEFENSES.**

24      1.   Plaintiff has failed to state a claim for retaliation.

25

26

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1    2.    Plaintiff's damages, if any, were proximately caused by Plaintiff's own

2  negligence and/or actions or inaction, which conduct bars or reduces Plaintiff's

3  damages.

4    3.    Plaintiff's gender discrimination claims are subject to the

5  Faragher/Ellerth affirmative defense.

6    4.    Certain of Plaintiff's claims may be barred by the applicable statutes of

7  limitations.

8    5.    Plaintiff has failed to state any claims against Restaurants Unlimited,

9  Inc., and this action should proceed solely against Plaintiff's true employer.

10    6.    Plaintiff's damages should be denied or limited to the extent that

11  Plaintiff has failed to mitigate her damages.

12    7.    Defendants reserve the right to add additional affirmative defenses as

13  discovery proceeds.

14                              **PRAYER FOR RELIEF**

15    **WHEREFORE,** Defendants pray for relief as follows:

16    1.    For dismissal of Plaintiff's complaint with prejudice;

17    2.    For costs and reasonable attorneys' fees to the maximum extent

18  permitted by law; and

19    3.    That the Court grant such other and further relief as it deems just

20  and equitable.

21  //

22  //

23  //

24  //

25  //

26  //

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 10

4826-5922-2530.02

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600

1

2      DATED this 11th day of February, 2008.

3                          RIDDELL WILLIAMS P.S.

4

5                          By _____
                                Karen F. Jones, WSBA #14987
6                               Rebecca L. Andrews, WSBA #36035
                                Attorneys for Defendants
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 11

4826-5922-2530.02

## CERTIFICATE OF SERVICE

I, Janine Fader, hereby certify that on the 11th day of February, 2008, I **electronically filed** the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- **Rebecca Andrews**
  randrews@riddellwilliams.com,jponikvar@riddellwilliams.com,jfader@riddellwilliams.com

- **Andrea Brenneke**
  andreab@mhb.com,jenniferk@mhb.com,carriew@mhb.com,larag@mhb.com

- **Karen F Jones**
  kjones@riddellwilliams.com,jponikvar@riddellwilliams.com,jfader@riddellwilliams.com

- **Joseph R Shaeffer**
  josephs@mhb.com,brinac@mhb.com,sharonm@mhb.com,larag@mhb.com

DATED this 11th day of February, 2008.


                                        s/Janine Fader
                                        Janine Fader

ANSWER AND AFFIRMATIVE DEFENSES - (No. 07-1971) - 12

4826-5922-2530.02
021108/1606/61936.00004

Riddell Williams P.S.
1001 FOURTH AVENUE
SUITE 4500
SEATTLE, WA 98154-1192
206.624.3600