The Honorable Robert S. Lasnik

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EMERI HANSEN,<br><br>                Plaintiff,<br>    v.<br><br>RUI ONE CORP, a foreign corporation; and RESTAURANTS UNLIMITED, INC., a Washington corporation,<br><br>                Defendants. | No. C07-1971 RSL<br><br>[PROPOSED] STIPULATED PROTECTIVE ORDER |

The parties, by and through their respective counsel of record, agree that certain documents produced in this litigation contain information which is considered confidential. In order to protect these documents, the parties hereby stipulate and agree to the following Protective Order:

1. **Scope and Purpose of this Order:** This Protective Order shall govern the designation and handling of protected documents produced by any party in discovery in this litigation, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. This Protective Order does not affect any party's obligations under the Civil Rules to produce documents as required by the rules of discovery or an order of the court. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential nature.

STIPULATED PROTECTIVE ORDER - 1
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

2. **Standard for Protected Documents:** Any person who is required to produce documents or information in discovery in this litigation may designate material produced as a protected document(s) pursuant to this Protective Order. All designations must be based on the good faith belief that the information constitutes (a) proprietary or sensitive business, personal, medical, or financial information or (b) information subject to a legally protected right of privacy.

3. **Protected Documents:** Protected document(s) are those documents marked "CONFIDENTIAL" by any party. These documents, referred to hereinafter as "protected documents," will be covered by this Protective Order and will be used only for the purposes of this case, and will not be used by any party or his or her counsel for any purpose unrelated to this case. Any medical record retrieved by MedRecs is a protected document and need not be marked confidential.

4. **Designating Protected Documents:**

   a. **Marking Protected Documents:** Protected documents shall be designated as confidential by affixing to them the legend "CONFIDENTIAL" in a size and location that makes the designation readily apparent, preferably in the lower right hand corner.

   b. **Designating Deposition Testimony:** Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 20 days after receipt of the deposition transcript and exhibits by providing written notice of the designation to the parties and any other affected person. The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately bound by the reporter. All deposition testimony and deposition exhibits must be maintained in a manner reasonably calculated to preserve their confidentiality for the 20 days following the receipt of the transcript.

   c. **Subsequent Designation:** A protected document produced or disclosed without a "CONFIDENTIAL" designation may be subsequently designated by the any party as

STIPULATED PROTECTIVE ORDER - 2
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

confidential. In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accordance with paragraph (4)(a). No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" if that disclosure occurred prior to receipt of written notice pursuant to this paragraph.

    5.    **Maintaining Designated Protected Documents:** Any protected document must be maintained in a manner reasonably calculated to preserve its confidentiality.

    6.    **Disclosure of Protected Documents:**

    a.    Except as set forth herein or by any subsequent court order, no protected documents shall be delivered, exhibited, or disclosed to any persons unless done in a manner in compliance with this Protective Order.

    b.    Protected documents may be delivered, exhibited or disclosed to the following persons subject to the limitations in paragraph (5) of this Protective Order:

    i.    Counsel representing the named parties in this case and any paralegal, clerical or other employee of such counsel assisting in the prosecution or defense of this litigation;

    ii.    Any copying services hired by counsel to copy documents in bulk;

    iii.    The court or any court personnel subject to the limitations of paragraph (7);

    iv.    Any person testifying or attending a deposition subject to the limitations of paragraphs (4)(b) and (5) of this Protective Order;

    v.    Any person identified as having authored or having previously received the protected document(s);

    vi.    The parties and their representatives for any purpose in this litigation; and

    vii.    Former employees or agents if disclosed during a deposition.

    c.    The parties' counsel shall require all persons, except those referred to in paragraph (6)(b), before being given access to any protected document, to read and agree to be

STIPULATED PROTECTIVE ORDER - 3
(C07-1971 RSL)

bound by this Protective Order by endorsing the certification attached as Exhibit A. Counsel shall retain this certification.

      **d.** This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Civil Rules.

    7. **Filing of Protected Documents:** Confidential Information or Documents shall be filed under seal with the Court in compliance with the district's electronic filing procedures. The filing party must refer back to a contemporaneously-filed motion requesting (a) that the document remain under seal pursuant to Local Civil Rule 5(g); (b) that the CONFIDENTIAL designation be removed from the document and the seal be lifted; or (c) that the designating party (who is not the filing party) be required to justify the designation in response to the motion, even where the filing party does not oppose the designation

    8. **Producing Parties Use of Protected Documents:** Nothing in this Protective Order limits a producing party's use of its own documents or documents obtained through means other than discovery requests or subpoenas in this litigation. Such disclosures shall not affect any confidential designation made under the terms of this Protective Order.

    9. **Inadvertent Disclosure:** The parties further agree that any party inadvertently producing a privileged or work product document may, upon discovery of such inadvertent production, request return of the document. The document must then be returned to the producing party, subject to the right of any other party to contest the assertion of any attorney-client or work product designation by appropriate motion to the court.

    10. **Disputes as to Confidentiality Designation:**

      **a.** **Meet and Confer Requirement:** If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute by conferring.

      **b.** **Protective Order:** If the dispute is not resolved through the meet-and-confer process within 15 days of notification of the receiving party's disagreement with the designation, the producing party will have 30 days to move the court for protection under the

STIPULATED PROTECTIVE ORDER - 4
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

Civil Rules. The parties may, however, agree to extend this period in order to bring any disputes about designations of protected documents to the court either at one time or in as efficient a manner as possible.

   c. **Status Pending Resolution of Dispute:** Any disputed document or other material must be treated as a protected document under this Protective Order until the court rules otherwise.

  11. **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of this Protective Order.

  12. **Documents for Trial:** After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits. If necessary, the parties or the court will also develop a method for maintaining the confidentiality of such information and documents at trial. At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.

  13. **Upon Case Completion:** When this action, including appeals, concludes and within 60 days after the litigation has been finally terminated, a producing party may request the return or destruction of all protected documents produced in this litigation, except those filed with the court or agreed by the parties to be retained for purposes of effectuating any judgment. If such a request is made in writing, the recipient of the request will have 60 days in which to (a) return the documents, (b) destroy the documents, or (c) file a motion with the court seeking an order upon good cause shown that documents should not be destroyed or returned. Even if there is no request to return the documents within the 60 days, the protected documents are still subject to the Protective Order with special attention to paragraph (5).

STIPULATED PROTECTIVE ORDER - 5
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

**14. Commencement:** The parties agree, by signature of counsel below, to abide by the terms of this Protective Agreement regardless of whether a subsequent order is signed by the court.

Dated this ____ day of _____, 2008.

_____
The Honorable Robert S. Lasnik

Presented by:

JACKSON LEWIS LLP

By  *s/Barry Alan Johnsrud*
  Barry Alan Johnsrud, WSBA #21952
  Laurie L. Johnston, WSBA # 25927
  Attorneys for Defendant

Approved as to form; Notice of presentation waived.

MACDONALD HOAGUE & BAYLESS

By  *s/Andrea Brenneke*
  Andrea Brenneke, WSBA # 22027
  Joseph R. Shaeffer, WSBA #33273
  Attorneys for Plaintiff

STIPULATED PROTECTIVE ORDER - 6
(C07-1971 RSL)

# EXHIBIT A

I, _____, certify that I have received and read a copy of the Protective Order in *Hansen v. RUI Corp., et al.* I agree to be bound by it. I further understand that any protected document and any notes, memoranda or other form of information derived from it, may not be used, copied or disclosed by me to anyone else except in strict accordance with the Protective Order and then only for the prosecution and defense of this litigation.

Dated this \_\_\_ day of _____, 20\_\_, in _____, Washington.

_____

STIPULATED PROTECTIVE ORDER - 7
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404

## DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the State of Washington that on this day, I electronically filed a true and accurate copy of the document to which this declaration is affixed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

> Andrea Brenneke
> Joseph R. Shaeffer
> MacDonald Hoague & Bayless
> 1500 Hoge Building
> 705 Second Avenue
> Seattle, Washington 98104-1745
> Email: andreab@mhb.com; josephs@mhb.com
> Phone: 206-622-1604
> Fax: 206-343-3961

Dated this 9th day of September, 2008, at Seattle, Washington.

*[signature]*
Andrea W. Preston

STIPULATED PROTECTIVE ORDER - 8
(C07-1971 RSL)

Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, Washington 98101
(206) 405-0404